HEARD APRIL TERM, 1876.

## WYLIE *vs.* LYLE.

A junior judgment creditor made a party defendant in an action for foreclosure to enable him to redeem, or, failing to do so, that he might be barred of his right, has no equity to require the proceeds of the sale to be applied to his debt, even in a case where his judgment is against the mortgagee as well as the mortgagor, and the mortgagor is insolvent.

A judgment creditor desiring to avail himself of the provisions of Section 318 of the Code, relating to proceedings supplementary to an execution, must proceed according to the directions of that Section.

BEFORE MACKEY, J., AT CHESTER, FEBRUARY, 1875.

This action was commenced by A. P. Wylie on the　　　day of November, 1874, against David Lyle, as administrator of estate of W. H. Gill, deceased, W. Delancy Gill, Jane D. Gill and Susan Gill, children and minor heirs at law of W. H. Gill; A. E. Wylie, as purchaser and assignee of the rights of Margaret H. Bates, who was the wife of W. H. Gill; and Thomas Shannon, J. R. Kennedy and S. W. Mobley, judgment creditors of W. H. Gill, holding liens. The defendant, S. W. Mobley, was, at the time of service of summons, served with notice that no personal claim was made against him.

The original summons and complaint, together with notice of *lis pendens,* was filed in the Clerk's office on 23d November, 1874. The complaint alleges, among other things, that on 9th January, 1866, W. H. Gill executed and delivered to the plaintiff his obligation for the sum of $4,197.80, with interest from date, in consideration of sundry sums of money before that time loaned by the

plaintiff to him; and, to secure the payment of said obligation, executed a mortgage to the plaintiff of a lot of land situate in the town of Chester, containing four acres, more or less, bounded by lots of E. T. Atkinson, A. P. Wylie, York street and cross street without name; that W. H. Gill thereafter died intestate, leaving him surviving, as his next of kin and heirs at law, his wife, Margaret H. Gill, who has since intermarried with Robert F. Bates, and his children, W. Delancy Gill, Jane D. Gill and Susan Gill, all under age of twenty-one; that thereafter Margaret H. Bates assigned and conveyed all her interest in mortgaged premises to Annie E. Wylie, as trustee of Mrs. Julia A. Wylie; that letters of administration on estate of W. H. Gill were granted to David Lyle; and that Thomas Shannon, J. R. Kennedy and S. W. Mobley were judgment creditors of W. H. Gill, holding liens on the mortgaged premises, with a demand for judgment that the mortgage be foreclosed and equity of redemption barred, and the premises sold and proceeds of sale applied to payment of plaintiff's debt, and if not sufficient for that purpose for leave to issue execution for the balance.

The defendant, S. W. Mobley, answered, stating that he, as administrator, with the will annexed, of W. D. Henry, deceased, was the owner of a judgment duly entered in the Clerk's office, on 6th of March, 1869, against W. H. Gill and A. P. Wylie, for the sum of $2,655.90, with interest thereon from 19th January, 1869, besides        dollars for the costs, which was a lien on the mortgaged premises; that the estate of W. H. Gill was insolvent; that said judgment was unpaid, and demanding judgment that the proceeds of sale of the mortgaged premises left after paying costs of action for foreclosure, or so much as might be necessary, be applied to satisfaction of his judgment.

The usual formal answer for the three minor defendants was filed. The other defendants failed to answer.

The case was docketed on the 28th December, 1874, by consent of Mobley's attorneys, endorsed on the record.

On 8th January, 1875, the report of the Referee as to the amount of plaintiff's note and interest was presented, and an order of Court made directing, among other things, the sale of the mortgaged premises; that the Clerk of the Court retain the proceeds of said sale in his hands, subject to the further order of the

Court; that the defendants and all persons be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises, with a clause therein inserted in the words as follows, to wit: " The rights, legal or equitable, of Samuel W. Mobley, as set out in his answer, being reserved against the fund to be derived from the sale of these premises, as fully as they existed before the order of sale and judgment herein."

On the 15th February, 1875, the case came up before the Court for a further hearing of the issue between A. P. Wylie, as mortgagee, and Samuel W. Mobley, as administrator of Dixon Henry, defendant, as judgment creditor with lien.

The plaintiff offered in evidence records of two judgments against himself—one for $11,949.50 in favor of W. H. Gill, entered on 6th December, 1866; and one for $10,969.77 in favor of Annie G. Wylie, entered on 7th December, 1866; and one against W. H. Gill and himself in favor of Margaret Moffatt for $4,240.32, entered on 6th March, 1869.

The defendant, S. W. Mobley, as administrator, offered in evidence the record of a judgment entitled James Hemphill, executor for S. W. Mobley, administrator, against W. H. Gill and A. P. Wylie; verdict $2,655.90; interest from 19th January, 1869.

The debt was contracted 5th May, 1857, upon a claim in favor of the estate of Dixon Henry, and judgment entered up and execution thereon issued on 6th March, 1869.

It was admitted by the plaintiff that the estate of W. H. Gill is insolvent.

His Honor made the following decree:

MACKEY, J.　After hearing the testimony herein and the argument of J. & J. Hemphill, attorneys for plaintiff, and the argument of Patterson & Gaston, attorneys for S. W. Mobley, administrator of W. D. Henry, and on motion of said attorneys for the plaintiff, it is ordered that the funds to be derived from the sale of the property described in the pleadings herein be paid to the plaintiff, A. P. Wylie, by the Clerk of this Court, whenever the same shall come into his hands.

The defendant, Mobley, excepted to the decree, and appealed therefrom on the ground:

Because the said order directs the funds to be derived from the sale of the property described in the pleadings herein be paid to the plaintiff, A. P. Wylie; whereas the said order should have directed the said fund (or so much as might be necessary) to be applied to the satisfaction of this defendant's claim, it being a judgment against both W. H. Gill, the deceased mortgagor, and A. P. Wylie, the mortgagee.

*Patterson & Gaston,* for appellant.

*J. & J. Hemphill,* contra.

May 18, 1876. The opinion of the Court was delivered by

WILLARD, A. J. The complaint demanded the foreclosure of a mortgage by Gill to the plaintiff, Wylie. The mortgagor being dead, his representatives were made parties, also certain judgment creditors of the mortgagor, among whom was S. W. Mobley, the present appellant.

S. W. Mobley answered and set up a judgment against both the mortgagor and the mortgagee as a lien on the mortgaged premises alleging the estate of Gill, the mortgagor, to be insolvent, and demanding judgment "that the proceeds of the sale of the mortgaged premises left after paying the costs of action for foreclosure, or so much as might be necessary, be applied to the satisfaction of this judgment."

A decree of sale and foreclosure was taken, reserving the rights of S. W. Mobley. On the hearing of the matters thus reserved, it appeared that there were unsatisfied judgments against both mortgagor and mortgagee older than the judgment of the appellant, Mobley.

Thereupon the Circuit Judge made an order entitling the plaintiff, Wylie, to receive the whole proceeds of the sale of the mortgaged premises. From this order S. W. Mobley appeals. Subsequently to the making of this order, the mortgaged premises were sold and brought an amount less than what was required to pay the mortgage debt.

It is not clear how the order appealed from could have been made before it could be certainly known whether the proceeds of the sale would discharge the mortgage debt, but the only question before us

is, whether S. W. Mobley, the appellant, is prejudiced by it. We do not see that he is in any respect prejudiced. There was no surplus, and accordingly the plaintiff, as mortgagee, was entitled to the whole proceeds of the sale. S. W. Mobley now claims that the moneys applicable to the payment of the mortgage debt ought to be paid to him. He places this demand on two grounds, first, that he is an unsatisfied judgment creditor of plaintiff, and, second, that, in addition to this fact, he was a judgment creditor of the mortgagor, with a lien on the mortgaged premises.

The reasonings by which he seeks to establish these demands will be very briefly noticed, as the want of a proper answer is in itself fatal to him.

He claims that, as he was made a defendant to the foreclosure suit, he has a right to come in with any matter of defense or counter-claim, and that, in virtue of this right, he now claims to stand in the same position as if he had commenced an action against the plaintiff in the nature of a creditor's bill on his unsatisfied judgment. In other words, he claims that he has a right of action against the plaintiff in the nature of a creditor's bill to compel a discovery and application of assets to the payment of his judgment; that his position as defendant authorizes him to interpose by way of counter-claim such cause of action.

It will be hardly necessary to consider whether a judgment creditor can, at this time, resort to an action in the nature of a creditor's bill in cases where the remedy afforded by Section 318 of the Code is appropriate and sufficient; for even if such a right exists, as we shall see, the appellant is not in a position to exercise it. It may, however, be said that the Section of the Code just referred to, in giving a summary remedy by a statutory proceeding in the nature of a creditor's bill, has afforded a legal remedy so full and inexpensive that no good reason exists for resorting to a remedy for the same purpose by complaint, attended as this latter remedy is with greatly increased delay and expense.

Had the appellant the right at the time of interposing his answer to commence an action against the plaintiff in the nature of a creditor's bill, still it is clear that he could not avail himself of that right by way of counter-claim or cross-proceeding in this action. He was made a party for a single purpose only, namely, that as a judgment creditor of the mortgagor, having an equity to re-

deem the mortgaged premises from the mortgage debt, he might have an opportunity to exercise such power of redemption, and, failing to do so in time, that he might be barred and foreclosed of such right of redemption.

The plaintiff made no demand for any judgment or decree except as to the matter of his right to redeem the mortgaged premises, and gave him notice accordingly. It was not necessary that appellant should answer the complaint. Without an answer he could come in and prove his judgment as against any surplus, after payment of the mortgage debt. An answer could not by any possibility prevent his equity of redemption from being barred if he did not come forward and redeem. The appellant in answering must therefore be regarded as a volunteer. Under the circumstances the answer must be regarded as formal merely, and as setting up no new or specific equities.—See Code, § 154. The answer did not contain the averments that are essential to a creditor's bill, namely, that execution had been issued on his judgment and returned unsatisfied. Nor did it demand any of the remedial means characteristic of a creditor's bill.

There is no ground whatever for the claim of the appellant that he is entitled to reach the proceeds of the sale of the mortgaged premises in the hands of the mortgagee on the idea that he has the rights of a judgment creditor who has exhausted his remedies at law.

It was claimed in behalf of the appellant that the remedy given by Section 318 might be taken in the present form, namely, by way of defense to an action, by averments in the nature of a creditor's bill. This is an entire misconception of the remedy afforded by Section 318. The chapter in which that Section occurs is entitled "Proceedings supplementary to execution." The object of the Section was to give a summary remedy based directly on the judgment and supplementary to the proceedings terminating in the judgment. This is a special statute remedy, and must be taken in the form in which it is given. To allow by way of defense a counter-claim to legal and equitable demands, and in favor of defendants only incidentally and collaterally brought in, the interposition of a defense in the nature of a creditor's bill, would be inconsistent with the intentions of the Code and introduce intricacies in pleading and procedure productive of the greatest inconvenience.

The remaining ground on which appellant seeks to sustain his demand for the mortgage money is that he had a lien on the mortgaged premises that precluded plaintiff from getting the benefit of his mortgage without demanding and obtaining against the appellant equitable relief in the form of a decree foreclosing his equity of redemption; that plaintiff cannot have such relief except upon the condition of doing equity; and as appellant is a judgment creditor of plaintiff, the equity that was due to him as the condition of the plaintiff's receiving the relief that he claims was that the whole proceeds of the mortgaged premises should be turned over to him as payment on his judgment. In making this demand the appellant considers that it is altogether unimportant that there are other older and unsatisfied judgments against both the mortgagor and the mortgagee.

The foundation of this theory is altogether wanting. Plaintiff asks no positive, equitable relief against the appellant. He makes him a party simply to afford him an opportunity to exercise his power of redemption, and demands nothing but the formal decree, barring his equity of redemption if he does not choose to redeem. There is no reason for attaching any condition to the customary relief demanded by the plaintiff, nor does appellant show any equity entitled to the peculiar protection of the Court of Equity. He is simply a legal creditor, not even alleging the inadequacy of the legal remedies to satisfy his judgment. The only equity that his answer sets forth is his demand upon the surplus, if any there should be.

The answer of the appellant does not warrant the relief sought by him, and his motion must be denied.

*Moses,* C. J., and *Wright,* A. J., concurred.